# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

MARIO M. CONRAD
REG. #07996-025                                                                            PETITIONER

VS.                              2:11CV00078 JMM/JTR

T.C. OUTLAW, Warden,
FCC Forrest City                                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

On April 22, 2011, while serving a 63-month sentence at the Federal Correctional Complex in Forrest City, Arkansas, Petitioner initiated this § 2241 habeas action. (Docket entry #1). In his Petition, he alleges that the Bureau of

Prisons ("BOP") violated the Second Chance Act when it recommend him for 91 to 120 months of Residential Re-entry Center ("RRC") placement instead of the twelve months of RRC placement that he requested. *Id.*

Respondent argues that Petitioner failed to exhaust his administrative remedies and that the Second Chance Act does not entitle Petitioner to twelve months of RRC placement. (Docket entry #12).

For the reasons discussed below, the Court concludes that Petitioner's habeas claim is moot.

## II. Discussion

The record reflects that Petitioner's habeas claim was mooted on August 14, 2012, when he was moved from FCC Forest City to a RRC in St. Louis, Missouri. *See* Ex. A attached hereto.

In any event, Petitioner's habeas claim is without merit. Petitioner's administrative documentation reflects that he underwent a RRC assessment on August 15, 2011. *Id.* Importantly, there is nothing in the applicable statutes or case law that *entitles* a prisoner to RRC placement for a particular period of time, much less for 12 months.[1] Rather, Respondent's duty is to *individually consider* a prisoner for RRC

---

[1] In deciding where an inmate is to be imprisoned, the BOP must consider the statutory factors set forth in 18 U.S.C. § 3621(b). The BOP is also required by statute to ensure, "to the extent practicable," that a prisoner spends "a portion" of the final

placement pursuant to the statutory factors set forth in § 3621(b). Although Petitioner was only recommended for 91 to 120 days of RRC placement, it appears that the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for Habeas

---

months of his prison term under conditions that afford him a "reasonable opportunity" to prepare for reentry into the community. 18 U.S.C. § 3624(c)(1).

In April of 2008, Congress enacted the Second Chance Act. Among other things, the Second Chance Act amended 18 U.S.C. § 3624 to extend the maximum allowable RRC placement from 6 months to 12 months. *See* Second Chance Act § 251, 122 Stat. 657, 692 (2008). The BOP later enacted guidelines which specified that placement in a RRC for more than 180 days was "highly unusual" and allowable only with "extraordinary justification." *See* BOP Program Statement 7310.04.

In *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008), the Court held that the BOP's guidelines reflected a permissible determination that "ordinarily a placement of more than 180 days is not appropriate under § 3621(b)," and that "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified." *Miller*, 527 F.3d at 758.

Petitioner also points to a portion of the Second Chance Act which permits the BOP to offer "[i]ncentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the [BOP] Director," include "the maximum allowable period in a community confinement facility[.]" 42 U.S.C. § 17541(a)(2)(A). According to Petitioner, he is entitled to 12 months of RRC placement because he participated in a BOP "skills development program" and due to his "educational and religious achievements." However, "[m]aking extended community-based placement a possible incentive for participation in these programs in no way displaces the BOP's broad discretion regarding housing designations." *Sessel v. Outlaw*, 2009 WL 1850331, *5 (E.D. Ark. 2009) (unpublished) (rejecting argument that a prisoner's participation in a "skills development program" required 12 months of RRC placement).

Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and the case be DISMISSED, WITH PREJUDICE.

Dated this 30th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

## S[econ]d Chance Act - RRC Needs Assessment

Inmate Name: Conrad, M.
Register No: 07996-025
PRD: 2-9-2013 (GCT) Ineligible under 18 USC 3621(e) for early release.

Sentence: Felon in Poss. of a F/A = 63 mos. / 3 yrs SRT
(If a state sentence preceded term and there was no physical break in custody, please specify as this may be an indicator of increased need for transitional/pre-release services)

Detainers: yes/(no)   _____         Alien status: yes/(no) _____
                     Jurisdiction/Authority                            Citizenship

Does the case require a relocation of supervision?   yes/(no) _____
                                                              Proposed USPO District

*Nature and circumstance of offense: (include PSF and any community safety issues) No BF, poss. weapon and had prior felony offense.

Prior criminal history: '08 DWI, '07 Disord. Conduct (Fighting), '06 Poss. of a Firearm (2 yrs. D.O.C.), '04 Battery, '04 Poss. of a Firearm, '02 Ag Fleeing, '00 Failure to Report Accident (Death), '00 Poss. of F/A

*History and characteristics of inmate: (include institutional adjustment and conduct)
Hx of Alcohol Abuse, recent IR = 307 Refusing to obey an Order

Institutional adjustment/conduct: Average adjustment

Community/family support: in place

Proposed employment: to be obtained while in RRC

Proposed residence: ext.

Job skills/Educational level: Enrolled in GED program, has basic job skills - employable.

Special needs - including medical or mental health issues: Care level 1 MH & medical.

Trust Fund/ITS balance under $200 in deposits over last 6 mos = makes FRP payments on time.
for past six mos.:

DRGI required: yes/(no); RDAP program involvement: RDAP Participates

CIM status: (Denote issues which would impede RRC placement - i.e., Separatee at RRC/Broad Publicity, etc.) No CIMs

*Resources of the facility contemplated: Educational, Employment & Transitional Services afforded. RRC enforces rules & regs designed to strengthen living skills.

*Any statement of the Court which imposed the sentence: (concerning the purposes for which the sentence to imprisonment was determined to be warranted; or type of penal or correctional facility as appropriate) None

*Any statement by the U.S. Sentencing Commission: None
Recommended placement: Employable, less than 5 years in fed. prison, good overall LOH, No Court or USSC recommendations, multiple F/Arm charges of...

D. Wilson, CCM
Chairperson's signature: _____              Inmate's signature: X M. Conrad

Date of assessment: 11-15-11

Exhibit "A"

```
 OKLI1         *          PUBLIC INFORMATION        *     08-27-2012
 PAGE 001      *              INMATE DATA           *     09:11:41
                           AS OF 08-27-2012

REGNO..: 07996-025 NAME: CONRAD, MARIO M

                     RESP OF: CST
                     PHONE..: 314-539-2376    FAX: 314-539-2465
                                              RACE/SEX...: BLACK / MALE
                                              AGE: 33
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 02-09-2013                        PAR HEAR DT:




G0002        MORE PAGES TO FOLLOW . . .
```

```
OKLI1            *          PUBLIC INFORMATION          *      08-27-2012
PAGE 002         *             INMATE DATA              *        09:11:41
                            AS OF 08-27-2012


REGNO..: 07996-025 NAME: CONRAD, MARIO M

                 RESP OF: CST
                 PHONE..: 314-539-2376    FAX: 314-539-2465
HOME DETENTION ELIGIBILITY DATE: 08-09-2012

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 02-09-2013 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION..........: ILLINOIS, SOUTHERN DISTRICT
DOCKET NUMBER..................: 3:08CR30098-01-DRH
JUDGE..........................: HERNDON
DATE SENTENCED/PROBATION IMPOSED: 12-19-2008
DATE COMMITTED.................: 03-05-2009
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                FELONY ASSESS   MISDMNR ASSESS   FINES           COSTS
NON-COMMITTED.: $100.00         $00.00           $250.00         $00.00

RESTITUTION...: PROPERTY: YES SERVICES: NO       AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 136
OFF/CHG: 18:922(G)(1)   FELON IN POSSESSION OF A FIREARM  CT 1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    63 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 07-17-2006




G0002        MORE PAGES TO FOLLOW . . .
```

```
OKLI1              *         PUBLIC INFORMATION      *      08-27-2012
PAGE 003 OF 003    *             INMATE DATA         *        09:11:41
                              AS OF 08-27-2012

REGNO..: 07996-025 NAME: CONRAD, MARIO M

                   RESP OF: CST
                   PHONE..: 314-539-2376   FAX: 314-539-2465
-----------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-05-2012 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-05-2012 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-19-2008
TOTAL TERM IN EFFECT............:    63 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS      3 MONTHS
EARLIEST DATE OF OFFENSE........: 07-17-2006

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     02-16-2008    02-16-2008
                                     07-17-2008    12-18-2008

TOTAL PRIOR CREDIT TIME.........: 156
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 246
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 02-09-2013
EXPIRATION FULL TERM DATE.......: 10-13-2013


PROJECTED SATISFACTION DATE.....: 02-09-2013
PROJECTED SATISFACTION METHOD...: GCT REL




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```